IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEITH A. JURAK,                                           OPINION AND
                                                           ORDER
                        Plaintiff,

                                                          09-cv-419-bbc

     v.

DEPUTY KOSMOSKY,[1]

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this lawsuit brought pursuant to 42 U.S.C. § 1983, plaintiff Keith Jurak contends that defendant Deputy Kosmosky violated his rights under the Eighth Amendment by using excessive force against him during a cell search. Now before the court is defendant's motion for summary judgment, dkt. #24, to which plaintiff has not responded. In fact, neither the court nor defendant has been able to locate plaintiff. Recent mailings to plaintiff have been returned to the court and to defendant as undeliverable. Because plaintiff has not responded in any way to defendant's motion or proposed findings of fact, defendant's proposed findings of fact must be taken as undisputed. Procedure to Be Followed on Motions for Summary

---

[1] Plaintiff originally named "Deputy Cosmosky" as defendant. Defendant has corrected the spelling of his name and the caption has been amended accordingly.

1

Judgment, II.A, II.B and II.C and Memorandum to Pro Se Litigants Regarding Summary Judgment Motions, attached to Preliminary Pretrial Conference Order (Oct. 7, 2009), dkt. #18.  Because there is no evidence to support a conclusion that defendant used excessive force on plaintiff in violation of the Eighth Amendment, I will grant defendant's motion for summary judgment.

From defendant's proposed findings of fact, I find the following facts to be material and undisputed.

UNDISPUTED FACTS

At times relevant to this case, plaintiff Keith Jurak was an inmate at the Dane County jail in Madison, Wisconsin.  Defendant Steven Kosmosky is Dane County Sheriff's deputy who worked at the jail.  On October 23, 2008, when dishes were collected from inmates in cellblock 704 after dinner, a spoon was missing.  A team of deputies was assembled to conduct a "shakedown" of the cellblock to look for the spoon.  Inmates in the cellblock were escorted from their cells to the dayroom while defendant and deputy Toua Vue searched the cells.

During the shakedown, plaintiff tried to agitate defendant and deputy Vue by calling them names, using profanity and complaining about the search.  Deputy Vue ordered plaintiff to stop arguing and shouting, but plaintiff refused to stop.  Plaintiff was taken to

2

the dayroom and defendant and deputy Vue searched his cell, finding no contraband. When plaintiff was brought back to his cell, he was loud, argumentative and encouraging the inmates in the cellblock to be uncooperative. He suggested to other inmates that they should flood the cellblock in retaliation for the searches. At some point, plaintiff told defendant that he had hidden the spoon in a hole in his mattress. Defendant told plaintiff that the deputies wanted to search his mattress because it had not been searched thoroughly the first time they went into his cell.

    Defendant did not want to transport plaintiff to the dayroom again because he thought plaintiff would cause disruptions in the dayroom. Defendant told plaintiff to sit on his bunk while defendant and deputy Vue searched the mattress on the floor, but plaintiff objected to their coming into his cell, telling them that they had no right to do so. Plaintiff also said, "I don't want you in here. I don't feel safe with you in here." Defendant stepped into the cell and told plaintiff to sit on the bunk. Plaintiff held his arms out to block defendant from going any further, took a step toward defendant and stuck his chest out, deliberately bumping into defendant's chest and stomach. In order to stabilize plaintiff, defendant grabbed plaintiff's collar with both hands and pulled him down onto the bunk. During this process, plaintiff's head may have hit the wall or bunk. Plaintiff was told to place his hand behind his back, but he tucked one of his arms under his chest and resisted the efforts of defendant and deputy Vue to pull it out. Deputy Vue pulled plaintiff's arm

3

out, put it behind his back and placed handcuffs on him. Plaintiff complained that his mouth was bleeding and spit on the floor of his cell to show the deputies the blood.

Defendant and deputy Vue escorted plaintiff to cellblock 717 while he made threats such as "I am going to have your job for this" and "I will do what I have to do to get you for this." Plaintiff also complained that defendant had choked him, but at no time did defendant have his hands on plaintiff's neck. After reaching the new cell, plaintiff was assisted onto the bunk and his handcuffs were removed. Two nurses came to plaintiff's cell to check on him, but he refused medical attention, yelling, "I am fine." Around 9:00 p.m. when the nurses were passing out medications, plaintiff asked a nurse to look at the back of his head. The nurse found a small lump on plaintiff's head and a scratch that she treated with antibiotic ointment.

OPINION

Plaintiff was granted leave to proceed on his claim that defendant violated his Eighth Amendment rights by using excessive force on him during the cell search on October 23, 2008. To determine whether a prison official's use of force on a prisoner was "excessive" in violation of the Eight Amendment, a court must determine "whether [the] force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (quoting Whitley

4

v. Albers, 475 U.S. 312, 320-21 (1986).  The factors relevant to this determination include such factors as why force was needed, how much force was used, the extent of the injury inflicted, whether defendant perceived a threat to the safety of staff and prisoners and whether efforts were made to temper the severity of the force.  Whitley, 475 U.S. at 321.

In this case, the facts do not support a finding of excessive force.  Plaintiff was attempting to incite unrest among the inmates during a cell shakedown and he claimed to have a spoon hidden in his mattress.  Faced with this situation, defendant acted appropriately in conducting an additional search of plaintiff's cell.  The only force used by defendant that is even slightly questionable is the decision to "stabilize" plaintiff by grabbing his collar, pushing him onto the bunk and causing plaintiff's head to hit the wall.  However, defendant used this force only after plaintiff refused to cooperate with the cell search, refused to sit on his bunk, sought to physically block defendant from entering the cell and purposefully bumped his chest into defendant's.  Grabbing an inmate's collar and pushing him onto a bunk cannot be said to be "malicious and sadistic" rather than "part of a good-faith effort to maintain or restore discipline."  Nothing in the record suggests that the force used when pushing plaintiff onto the bunk was any more than what was necessary to restrain him and conduct the search.  Moreover, there is no evidence that plaintiff suffered anything more than a relatively minor injury.  He had a lump and scratch on his head, but he refused treatment when it was first offered to him.  Though he later asked a nurse to check his injuries, the only treatment needed was antibiotic ointment for the scratch.

5

In sum, the facts show that defendant used force as part of a good faith effort to effectuate the cell search and prevent plaintiff from inciting unrest among the other inmates, the force was minimal and plaintiff suffered minimal injury. Because plaintiff has failed to adduce any evidence that would allow a reasonable jury to find that defendants used excessive force against him, defendant's motion for summary judgment will be granted. Fed. R. Civ. P. 56 (summary judgment appropriate if there "is no genuine issue as to any material fact" and "movant is entitled to judgment as a matter of law.")

## ORDER

IT IS ORDERED that defendant Deputy Kosmosky's motion for summary judgment, dkt. #24, is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 19th day of April, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6